IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERVET INC., d/b/a MERCK ANIMAL HEALTH and THE ARIZONA BOARD OF REGENTS, on behalf of The University of Arizona, | : : : : : |
| Plaintiffs and Counterclaim Defendants, | : : : |
| v. | : C.A. No. 11-595-LPS |
| BOEHRINGER INGELHEIM VETMEDICA, INC., | : : : : |
| Defendant and Counterclaim Plaintiff. | : : |

## MEMORANDUM ORDER

Pending before the Court is Defendant Boehringer Ingelheim Vetmedica, Inc.'s ("Vetmedica") Motion to Amend its Answer and Counterclaims against Plaintiffs Intervet Inc., d/b/a Merck Animal Health and The Arizona Board of Regents (collectively, "Intervet"). (D.I. 110) For the reasons set forth below, the Court will GRANT Vetmedica's motion.

1. Intervet filed its complaint for infringement of U.S. Patent No. 5,610,059 (the "'059 patent") against Vetmedica on July 6, 2011. (D.I. 1) The deadline to amend pleadings was on or before February 16, 2012; trial is set for June 17, 2013. (D.I. 20)

2. On August 29, 2012, Vetmedica moved to amend its answer and counterclaims against Intervet to add an affirmative defense and counterclaim that the '059 patent is unenforceable due to inequitable conduct. (D.I. 110)

3. Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Good cause is present when the

schedule cannot be met despite the moving party's diligence. *See Leader Techs., Inc. v. Facebook, Inc.*, 2010 WL 2545959, at *3 (D. Del. June 24, 2010). Pursuant to Rule 15, courts generally grant motions to amend absent a showing of undue delay, bad faith, or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility of the amendment. *See Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990).

4. Vetmedica states that it could not have amended its answer to comply with the Scheduling Order and pleading requirements of inequitable conduct, and has shown good cause for its motion. Vetmedica asserts that it discovered facts supporting its inequitable conduct claim after the amendment deadline. For example, Dr. Joens' laboratory notebook, produced on May 4, 2012, was new and key evidence establishing that Dr. Joens had knowledge of the prior art – H.F. Stills, *Isolation of an Intracellular Bacterium from Hamsters (Mesocricetus auratus) with Proliferative Ileitis and Reproduction of the Disease with a Pure Culture*, 59 Infection and Immunity 3227 (1991) [hereinafter Stills 1991] – that the inventors allegedly failed to disclose to the United States Patent and Trademark Office in violation of their duty of candor. (D.I. 129 at 4) Further, Vetmedica asserts that only through the May 2012 deposition of Dr. Glock did it learn that Dr. Glock knew of the materiality of Stills 1991. Similarly, Mr. Seay's August 2012 deposition established that the inventors could not explain their failure to disclose Stills 1991. Vetmedica acted diligently in gathering evidence to support its inequitable conduct claim and informed Intervet of its intention to amend its answer approximately one week after Mr. Seay's deposition. The Court finds good cause to allow Vetmedica's amendment.

6. The Court does not find undue delay, bad faith, or dilatory motive in Vetmedica's actions. *See generally Probert v. Clorox Co., Inc.*, 258 F.R.D. 491, 494 (D. Utah 2009), *aff'd*,

2

404 F. App'x 486 (Fed. Cir. Dec. 9, 2010) ("[U]nsupported charges of inequitable conduct are disfavored by the Federal Circuit.").

7. The amended claim is not futile, as would be the case if it "fail[ed] to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Inequitable conduct "requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009); *see also* Fed. R. Civ. P. 9(b). Vetmedica does so. (D.I. 110 Ex. 1 at 14-18) Vetmedica alleges facts from which the Court may infer that the inventors were aware of the prior art and its materiality, as well as their deceptive intent. (*Id.* at 18-25)

8. The Court is not persuaded that Intervet will be unduly prejudiced if the Court grants Vetmedica's motion. Intervet contends that it has been unable to explore inequitable conduct in the depositions of Dr. Glock and Mr. Seay; nor did it generally pursue discovery relating to inequitable conduct. (D.I. 122 at 14) Discovery appears to be ongoing (D.I. 129 at 9) and if any slight modification of the schedule is necessitated by Defendants' amendment, the parties may propose such a modification to the Court.

Accordingly, Vetmedica's Motion to Amend its Answer and Counterclaims (D.I. 110) is GRANTED.

Dated: October 9, 2012
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE