IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERVET INC. d/b/a MERCK HEALTH, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BOEHRINGER INGELHEIM VETMEDICA, INC., )<br>)<br>Defendant. ) | C.A. No. 11-595-LPS |

## SPECIAL MASTER'S DECISION

Paul M. Lukoff (Del. Bar #96)
Wilks Lukoff & Bracegirdle, LLC
1300 Grant Avenue
Suite 100
Wilmington, DE 19806
(302) 225-0850

Dated: April 24, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERVET INC. d/b/a MERCK HEALTH, et al., ) ) ) Plaintiffs, ) ) v. ) ) BOEHRINGER INGELHEIM VETMEDICA, ) INC., ) ) Defendant. ) ) | C.A. No. 11-595-LPS |

## SPECIAL MASTER'S DECISION

In my Opinion and Order dated April 15, 2013, I ordered the plaintiffs to produce "tests and results from 2011, or any other test in any other year, that dealt with material that Dr. Joens retained (see footnote 17) or which was the same as the biological samples sent to ATCC which have Accession No. 55370, yet were not deposited but could have been, all such by definition being the **same** as the material deposited with ATCC". I gave the plaintiffs, however, in footnote 17 to that Opinion and Order, an opportunity to explain *in camera* how the 2011 tests were conducted on materials that were different from the materials deposited with ATCC. I have reviewed the plaintiffs' footnote 17-derived submission.

I had assumed for purposes of my Opinion and Order that the materials retained by Dr. Joens were the same as those submitted to ATCC for the deposit; that they were "patent-related materials" obtained by the same methods as described in the patent. Plaintiffs try to explain why that assumption was incorrect. They also allude to work product as a basis for non-production. However, regarding work product, I must defer to Judge Stark's January 24,

2013 Oral Order, which resolved against them plaintiffs' work product concerns about a test conducted at in-house counsel's behest.

I now find, however, that a focus only on whether the materials are "technically" the same or not misses the mark. Putting aside that plaintiffs' submission may provide a plausible explanation for how the tested materials might have been materially different than what was deposited in ATCC, this is not the time for a decision on whether they were the same or not. That issue, in fact, may be for the trier of fact. The Court's Oral Order required disclosure of test results of ATCC 55370. Plaintiffs concede that "'tests of ATCC 55370' includes tests of that material coming from the ATCC or material that is the *same* as what was lodged with the ATCC." How can we know if the 2011 testing was of materials which were the same as those deposited with ATCC unless plaintiffs' contention is subjected to adversarial scrutiny? For discovery purposes, where the defendant has had no opportunity to obtain samples of the University's deposit at the ATCC to test, hasn't the defendant satisfied the provisions of Rule 26(b)(3)(A)(ii) in a case where the efficacy of a patent based on a biological deposit is at issue?

Under the circumstances, I remain convinced, consistent with the liberal approach to discovery envisioned by Rule 26, that plaintiffs must produce the results of the 2011 testing.

_____
Paul M. Lukoff
Special Master

Dated: April 24, 2013